Chief Magistrate Judge Tsuchida

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF RODERICK MUCHIKEKWANAPE<br><br>a/k/a<br><br>"MUCHIKEKWANAPE, Roderick, Rodney"<br>"MUCH, Roderick Toot"<br>"GAMBLER, Thomas Robert"<br>"STARKES, Paul Edward" | CASE NO.  MJ20-800<br><br>COMPLAINT FOR EXTRADITION<br><br>(18 U.S.C. §3184) |

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1.  In this matter, I am one of the United States Attorneys who represents the United States in fulfilling its treaty obligation to Canada.

2.  There is an extradition treaty in force between the United States and Canada, the Treaty on Extradition Between the United States of America and Canada, U.S.-Can., Dec. 3, 1971, 27 U.S.T. 983, *as amended by* the Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 11, 1988, S. TREATY DOC. NO. 101-17 (1990), *and* the Second Protocol Amending the Extradition Treaty with Canada, U.S.-Can., Jan. 12, 2001, S. TREATY DOC. NO. 107-11 (2002) (collectively, the "Treaty").

COMPLAINT FOR EXTRADITION – 1
USAO # 2020V01498

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3. The Treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

4. In accordance with Article 11 of the Treaty, the Government of Canada has asked the United States for the provisional arrest of Roderick MUCHIKEKWANAPE ("MUCHIKEKWANAPE") with a view towards his extradition.

5. According to information provided by the Government of Canada, MUCHIKEKWANAPE was convicted in 2000 of First Degree Murder, in violation of Section 235(1) of the Criminal Code of Canada. He was sentenced to life imprisonment without eligibility for parole until after he had served twenty-five years of his sentence. This offense was committed within the jurisdiction of Canada.

6. On October 29, 2020, MUCHIKEKWANAPE escaped from the prison where he was serving his sentence for First Degree Murder. A warrant for MUCHIKEKWANAPE's apprehension and recommitment to custody in a penitentiary was issued on October 29, 2020, by the Institutional Head of Mission Institution in Mission, British Columbia.

7. MUCHIKEKWANAPE's First Degree Murder conviction was based on the following facts:

    a. In July 1998, MUHCIKEKWANAPE followed a woman ("the victim") as she walked home from a party. MUHCIKEKWANAPE attacked the victim and dragged her under a bridge, where he then killed her in the course of a sexual assault. Specifically, he beat the victim, causing fatal skull fractures, and breaking her jaw, cheekbones, and nose. He also removed the victims clothing from the waist down and used a sharp object to cut her genitalia. He removed her bracelet and threw her body into the river.

    b. Immediately following the murder, MUCHIKEKWANAPE escaped to a friend's home, where he washed his bloody clothes and took a bath. Two witnesses at the house, including.MUCHIKEKWANAPE's 14 year-old nephew, saw him with blood smeared on his face and body.

COMPLAINT FOR EXTRADITION – 2
USAO # 2020V01498

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

    c. Mr. MUCHIKEKWANAPE gave his nephew the bracelet and his watch, which were covered in blood, and instructed him to wash them. However, his nephew did not clean the bracelet and watch.

    d. The victim's body was recovered from the river. Police also located the bracelet and watch at the house. Forensic analysis revealed that the blood on the bracelet and watch contained the victim's DNA.

    e. In August 1998, Mr. MUCHIKEKWANAPE was arrested and charged with First-Degree Murder. On December 13, 2000, he was convicted and sentenced.

  8. The offense with which MUCHIKEKWANAPE is charged is provided for in Article 2 of the Treaty.

  9. According to investigation to date, MUCHIKEKWANAPE may be found within the jurisdiction of this Court in the greater Seattle area.

  10. The Government of Canada has represented that it will submit a formal request for extradition supported by the documents specified in the Treaty, within the time required under the Treaty.

  11. MUCHIKEKWANAPE would be likely to flee if he learned of the existence of a warrant for his arrest.

//

//

//

COMPLAINT FOR EXTRADITION – 3
USAO # 2020V01498

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

12. WHEREFORE, the undersigned requests that a warrant for MUCHIKEKWANAPE's arrest be issued in accordance with 18 U.S.C. § 3184 and the extradition treaty between the United States and Canada, and that this complaint and the warrant be placed under the seal of the Court, except as disclosure is needed for its execution, until such time as the warrant is executed.

/s/ Andrew C. Friedman
ANDREW C. FRIEDMAN
Assistant United States Attorney

The above-named attorney provided a sworn statement attesting to the truth of the foregoing Complaint by telephone on this __14__ day of __Dec.__, 2020.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

COMPLAINT FOR EXTRADITION – 4
USAO # 2020V01498

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970